**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CATHERINE SIMMONS, | * | |
| Claimant, | * | |
| v. | * | CASE NO. 4:06-CV-94 CDL |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |

## RECOMMENDATION

Presently pending before the Court is Claimant's Attorney's Motion for Attorney's Fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As allowed by the EAJA, Petitioner has filed a motion for attorney fees and costs. Petitioner seeks an award of attorney's fees in the amount of $6,937.90, based upon an hourly rate of $167.38 for 41.45 attorney work hours. Petitioner has also requested that the court stay his request for attorney's fees pursuant to 42 U.S.C. § 406(b) until such time as he is notified of the award of past due benefits, should that occur. Defendant contests the motion on the basis that $167.38 per hour attorney fees is excessive for the Columbus Division of the Middle District of Georgia. Defendant also contends that the number of hours submitted for payment are excessive. In his Reply to Defendant's Response, Petitioner contends that Defendant's arguments were unfounded and caused Petitioner to expend another 3.1 hours of attorney time to respond. Petitioner seeks an additional $518.88 at the rate of $167.38 per hour for 3.1 attorney work hours.

Under the EAJA, the statutory cap is $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a). The burden of proof is upon Petitioner to prove that an upward adjustment from the statutory cap of $125.00 is justified in the Columbus Division of the Middle District of Georgia. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fee under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

In a decision dated October 30, 2000, from the Macon Division of the Middle District of Georgia, (*Usher v. Apfel*, 2000 WL 1639365 (M.D.Ga. Oct. 30, 2000) (not reported), the Honorable Wilbur D. Owens, Jr., United States District Judge**,** ordered an upward adjustment from the statutory cap of $125.00 per hour by applying the cost of living increases set forth in the United States Bureau of Labor Statistics Consumer Price Index ("CPI-U"). As in the *Usher* case, Petitioner has provided the Consumer Price Index ("CPI) cost-of-living statistics, affidavits from local attorneys in Columbus, Georgia, setting out their fees for work

comparable to social security cases[1], his own affidavit setting out the time billed for himself and the affidavit of his associate setting out the time billed for her work.

Arguments by both parties were scrutinized. After examination of the Consumer Price Index and Bureau of Labor Statistics attached to Claimant's Brief in Support of her Motion for Attorney's Fees (R-20-2), the rate of $167.38, as requested by Claimant, does not appear to be excessive. Accordingly, it appears Petitioner has met his burden under *Meyer*. After reviewing the cases referenced by Petitioner in his brief regarding the reasonableness of hours expended, it does not appear that the number of attorney work hours submitted are excessive. Additionally, Petitioner has requested payment of $518.88 for the 3.1 hours spent responding to Defendant's objections. However, Defendant's argument was substantially justified, at the time, as Petitioner had failed to supply the affidavits of local attorneys until his Reply (R-22, 22-4, 22-5, and 22-6). For that reason, it is not recommended that Petitioner be granted the additional $518.88 in litigation fees requested.

WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's Motion for Attorney's fees pursuant to 28 U.S.C. § 2412 (d) be GRANTED, and that payment be forwarded to said Attorney in the amount of $6,937.90. It is further RECOMMENDED that his intention to seek attorney's fees pursuant to 42 U.S.C. § 406(b) be stayed until such time as he is notified of the award of past due benefits, should that occur. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with

---

[1] The Affidavits of Columbus attorneys Ernest Kirk II, Cecil M. Cheves, and Leslie l. Cohn were not submitted until Petitioner filed his Reply to Defendant's objections. (R-22-4, 22-5, and 22-6).

the United States District Judge within ten (10) days after being served a copy.

**SO RECOMMENDED**, this 31st day of December, 2007.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE

mZc